UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CLETE BIRKETT,

                        Plaintiff,

        -against-

N.Y.C.D.O.C. COMM. JOHN/JANE DOE;
JOHN/JANE DOE WARDEN MANHATTAN
DETENTION CENTER; JOHN/JANE DOE
DOWNSTATE CORR. FAC.; N.Y.S.D.O.C.
COMM. ANTHONY J. ANNUCCI;
JOHN/JANE DOE NURSE M.D.C.,

                        Defendants.

18-CV-1163 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

        Plaintiff, currently incarcerated in Downstate Correctional Facility, brings this *pro se*

action under 42 U.S.C. § 1983, alleging that, while he was detained in the Manhattan Detention

Center in 1992 and 1993, Defendants violated his constitutional rights. By order dated March 28,

2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*.[1] For the reasons set forth below, the Court grants Plaintiff leave to file an

amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

        The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id*. (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Clete Birkett alleges the following facts concerning events that occurred while he was detained in the Manhattan Detention Center. In 1992 and 1993, during intake screening at the Manhattan Detention Center, he was "injected and infected with the deadly virus tuberculosis when he was screened by the John/Jane Doe Nurse." (Compl. at 4.) The John/Jane Doe Nurse, "in administering the T.B. test by inserting the needle into Plaintiff's veins as opposed to skin popping," infected Plaintiff with tuberculosis. (*Id.* at 5.) "Defendants let Plaintiff go untreated with the tuberculosis until December 2016 when Plaintiff reentered the prison system and was inform[ed] by the medical staff at Downstate that he has the deadly virus." (*Id.*) Plaintiff's "life expectancy has been minimized by this act of malpractice, deliberate indifference and negligen[ce] on the part of all the Defendants." (*Id.*) The doctor at Downstate told Plaintiff that he "must have been exposed" to the virus by the nurse at the Manhattan Detention Center. (*Id.* at 4.)

## DISCUSSION

Plaintiff brings this complaint, "not based on mere negligence," but because Defendants were deliberately indifferent "to a serious and deadly need, to withhold medical diagnosis as tuberculosis constitutes a violation of his rights." (*Id.*) Plaintiff seeks monetary damages and injunctive relief.

Because Plaintiff alleges that his federal constitutional rights were violated, the Court interprets Plaintiff's allegations as raising claims under 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

**A.     N.Y.C.D.O.C. Commissioner John/Jane Doe; John/Jane Doe Warden Manhattan Detention Center; John/Jane Doe, Downstate Correctional Center; N.Y.S.D.O.C. Commissioner Anthony J. Annucci**

Plaintiff's claims against these Defendants must be dismissed. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[2]

Plaintiff does not allege any facts showing how N.Y.C.D.O.C. Commissioner John/Jane Doe; John/Jane Doe Warden Manhattan Detention Center; John/Jane Doe, Downstate Correctional Center; or N.Y.S.D.O.C. Commissioner Anthony J. Annucci were personally involved in the events underlying his claims. Plaintiff's claims against these Defendants are

---

[2] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

therefore dismissed without prejudice to Plaintiff's naming them in an amended complaint, if he can describe how they were personally involved in the events underlying his claims. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## B. Deliberate Indifference

The Court construes Plaintiff's allegations as asserting that Defendants, by injecting him with the tuberculosis virus, infecting him with tuberculosis, and withholding that medical diagnosis from him, violated his rights under the Eighth or Fourteenth Amendments of the United States Constitution.[3] To state such a claim, a plaintiff must allege that a correction official was deliberately indifferent to a substantial risk of serious harm to the Plaintiff. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017). Where that harm results from medical treatment or lack thereof, the Plaintiff must show that he had a "serious medical need." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000). A convicted prisoner must show that a correction official "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety; the official must both [have been] aware of facts from which the inference could [have been] drawn that a substantial risk of serious harm exists, and he must [have] also draw[n] the inference." *Farmer*, 511 U.S. at 837. A pretrial detainee must show that "that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Darnell*, 849 F.3d at 35.

---

[3] If Plaintiff was a pretrial detainee during the events that are the basis of his claims, his condition-of-confinement claims arise under the Due Process Clause of the Fourteenth Amendment; if he was a convicted prisoner, such claims arise under the Cruel and Unusual Punishment Clause of the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Weyant v. Okst*, 101 F.3d 845, 856 (2d Cir. 1996).

Here, Plaintiff fails to allege facts plausibly suggesting that the tuberculosis test actually contained tuberculosis bacteria and that any Defendant knowingly injected him with tuberculosis bacteria or that any individual, at that time, knew that Plaintiff had been infected with tuberculosis bacteria. Plaintiff also does not plead any facts showing that any individual at the Manhattan Detention Center or Downstate Correctional Center acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risks. Plaintiff thus fails to state a claim for deliberate indifference to a serious medical need.

### C.    Timeliness

Plaintiff alleges that the events giving rise to his claims occurred in 1992 and 1993, during intake screening at MDC, when the John/Jane Doe Nurse, "in administering the T.B. test by inserting the needle into Plaintiff's veins as opposed to skin popping," infected Plaintiff with tuberculosis. (Compl. at 5.) He also asserts that Defendants never informed him that "he has in fact tested positive for tuberculosis," but instead "Defendants let Plaintiff go untreated with the tuberculosis until December 2016 when Plaintiff reentered the prison system and was inform[ed] by the medical staff at Downstate that he has the deadly virus." (*Id.*)

The statute of limitations for § 1983 claims is found in the "general or residual [state] statute [of limitations] for personal injury actions." *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (quoting *Owens v. Okure*, 488 U.S. 235, 249-50 (1989)). In New York, that period is three years. *Id.* (citing N.Y. C.P.L.R. § 214(5)) Although state law governs the statute of limitations period, "federal law determines when a federal claim accrues." *Kronisch v. United States,* 150 F.3d 112, 121 (2d Cir. 1998) (internal quotation marks and citations omitted). The normal rule for accrual of federal claims, including claims under § 1983, is that a claim accrues when a plaintiff knows or has reason to know of the injury that is the basis of the claim. *Hogan v. Fischer*, 738 F.3d 509, 518 (2d Cir. 2013); *see also Wallace v. Kato*, 549 U.S. 384, 388 (2007)

(accrual date of a cause of action under § 1983 is a question of federal law); *Guilbert v. Gardner*, 480 F.3d 140, 149 (2d Cir. 2007) ("[A] plaintiff's cause of action accrues when he discovers, or with due diligence should have discovered, the injury that is the basis of the litigation."). This concept is known as the "discovery rule." *Pearl*, 296 F.3d at 80.

The concept underlying this discovery rule of accrual is related to the concept of fraudulent concealment of a cause of action, which can allow a court to apply the doctrine of equitable tolling. *See Pearl*, 296 F.3d at 80. Under the doctrine of equitable tolling, a court, "under compelling circumstances, [can] make narrow exceptions to the statute of limitations in order 'to prevent inequity.'" *In re U.S. Lines, Inc*., 318 F.3d 432, 436 (2d Cir. 2003) (citation omitted).

In addition, New York law provides that where a person "is under a disability because of . . . insanity at the time the cause of action accrues," the applicable statute of limitations will be tolled. N.Y. C.P.L.R. § 208; *Gardner v. Wansart*, No. 05-CV-3351, 2006 WL 2742043, at *5 n.4 (S.D.N.Y. Sept. 25, 2006) (although mental illness is on its own insufficient for equitable tolling purposes, tolling is appropriate if a plaintiff is insane at the time the cause of action accrues and is "unable to protect [his] legal rights because of an overall inability to function in society"). New York also provides by statute for other circumstances in which a limitations period may be tolled. *See, e.g.,* N.Y. C.P.L.R. § 204(a) (where commencement of an action has been stayed by court order), *id.* at § 204 (where a dispute has been submitted to arbitration but is ultimately determined to be non-arbitrable), *id*. at § 207(3) (defendant is outside New York at the time the claim accrues), *id.* at § 208 (plaintiff is disabled by infancy or insanity), *id*. at § 210 (death of plaintiff or defendant).

Because the failure to file an action within the limitations period is an affirmative defense, a plaintiff is generally not required to plead that the case is timely filed. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). Dismissal is appropriate, however, where the existence of an affirmative defense, such as the statute of limitations, is plain from the face of the pleading. *See Walters v. Indus. and Commercial Bank of China, Ltd.*, 651 F.3d 280, 293 (2d Cir. 2011) ("[D]istrict courts may dismiss an action *sua sponte* on limitations grounds in certain circumstances where the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted.") (internal quotation marks and citation omitted); *Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (affirming *sua sponte* dismissal of complaint as frivolous on statute of limitations grounds); *see also Abbas*, 480 F.3d at 640 (concluding that district court should grant notice and opportunity to be heard before dismissing complaint *sua sponte* on statute of limitations grounds).

Plaintiff filed his complaint on February 7, 2018, approximately 25 years after the nurse who administered the T.B. test allegedly inserted the needle into his veins. On its face, Plaintiff's complaint therefore appears to be untimely. But Plaintiff's allegation that he did not learn of his injury until December 2016, when he returned to the prison system, suggests he is seeking to rely on the discovery rule.

Plaintiff does not state how long he remained in Defendant's custody after the events that occurred in 1992 and 1993, or whether, after his release but before December 2016, he was in Defendant's custody at any other time. Plaintiff also does not allege any facts regarding his physical health or medical care from 1992 until December 2016. Plaintiff does not allege any facts to plausibly suggest that Defendants knew in 1992 or 1993 that he had tuberculosis and fraudulently concealed that from him. His allegations do not suggest that he could not have

learned many years ago, through routine medical care, that he had tuberculosis. Nor do his allegations suggest any other reason why the running of the statute of limitations for his claim should have been delayed for 22 years.

If Plaintiff choses to amend his complaint, he must show that his claims are timely despite the 25-year delay. For Plaintiff's claims to be considered timely under the discovery rule, he must show that he *could not* have discovered his injury – that is, that he had been infected with tuberculosis bacteria – until December 2016, *Cf. Ellul v. Congreg. of Christian Bros.*, 774 F.3d 791, 801 (2d Cir. 2014) (the discovery rule delays the date of accrual where the plaintiff is "is blamelessly ignorant of the existence or cause of his injury"). Alternatively, Plaintiff must show that some other basis for equitable tolling applies.

### D.     Leave to Replead

Because Plaintiff is proceeding *pro se*, and it is not clear that granting leave to replead would be futile, the Court grants Plaintiff leave to replead his claims that prison officials at the Manhattan Detention Center and Downstate Correctional Center were deliberately indifferent to his serious medical needs, and to address the timeliness of his claims. Plaintiff must sufficiently detail his claims in accordance with the standards above.

Plaintiff must name as the defendants in the caption, and in the statement of claim, those individuals who were allegedly involved in the deprivation of his federal rights. And Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant he names. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does not toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any

9

"John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Should Plaintiff replead his claims in a complaint, he must, to the greatest extent possible:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's complaint will completely replace, not supplement, his original submission, any facts or claims that Plaintiff wishes to maintain must be included in the complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-

1163 (CM). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the action will be dismissed for failure to state a claim upon which relief may be granted.

The Clerk of Court is further directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 10, 2019
              New York, New York

                                                    _Louis L. Stanton_
                                                    Louis L. Stanton
                                                    U.S.D.J.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the
names of all of the defendants in the space provided, please
write "see attached" in the space above and attach an
additional sheet of paper with the full list of names. The
names listed above must be identical to those contained in
Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

# COMPLAINT

(Prisoner)

Do you want a jury trial?
☐ Yes     ☐ No

---

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

## I.  LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.  PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                    Middle Initial               Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                          State                       Zip Code

## III.  PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

_____

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Prison Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: _____